**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| Avus Holdings, LLC and<br>Avus Design, Inc.<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Iron Lab,<br>　　　　　Defendant. | Case No. 6:22-cv-134<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs Avus Holdings, LLC and Avus Design, Inc. (collectively "Avus" or "Plaintiffs"), by and through its attorneys, files its Complaint for Patent Infringement against Defendant Iron Lab ("Iron Lab" or "Defendant"), alleging as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the patent laws of the United States, title 35 United States Code, trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1114, and false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a). Avus seeks remedies for Iron Lab's infringement of Avus's U.S. Patent No. 7,513,856 ("the '856 Patent") and its trademarks as outlined below.

**PARTIES**

2. Avus Holdings, LLC is a limited liability company organized and existing under the laws of California having its principal place of business in Santa Barbara, California 93109.

3. Avus Design, Inc. is a company organized and existing under the laws of California having its principal place of business in Santa Barbara, California 93109.

4.  On information and belief, Iron Lab is a Ukrainian entity with its principal place of business at Zakrevskogo 43, kv112, Kiev, Ukraine 02217.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction of Avus's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has personal jurisdiction over Iron Lab because a substantial portion of the events giving rise to the claim occurred within this District, the Defendant has committed acts of infringement in and has significant contacts within the District, and is infringing Avus's intellectual property in its product listings targeted at this District and/or are using, selling, or offering to sell the infringing product in this District.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3) because Iron Lab is not resident in the United States.

## THE PATENT-IN-SUIT

8.  The '856 Patent, entitled "Weight Plate Retention Collar," was duly and legally issued by the United States Patent and Trademark Office on April 7, 2009.  A true and correct copy of the '856 Patent is attached as Exhibit 1.

9.  Avus Holdings LLC is the assignee and owner of all right, title and interest in the '856 Patent.

10.  Avus Design Inc. is the exclusive licensee of all right, title and interest in the '856 Patent, including the sole, exclusive, and undivided right to sue for infringement and collect damages for past and future infringement of the '856 Patent.  The '856 Patent is valid and enforceable.  Iron Lab has no license or authority under the '856 Patent.

11. The '856 Patent relates to a retention collar for securing weights to a barbell. The '856 Patent describes the retention collar by including two side plates with a pull bar and a cam lever, two sets of pressure pins providing a frictional fit with the barbell when the collar is in its closed position, which is achieved by use of the arm lever, and the side plates being secured to each other by screws or rivets.

12. The named inventor of the '856 Patent is Dylan Jones ("Jones").

13. The '856 Patent was filed as U.S. Application No. 11/803,582 ("the '582 Application"). On November 20, 2008, the United States Patent and Trademark Office published the '582 Application as U.S. Publication No. 2008/0287271 ("the '271 Publication").

## AVUS'S TRADEMARKS

14. Avus Design, Inc. owns the following trademark registrations and application used in connection with its Lock-Jaw products which are the subject of this lawsuit, registered or pending on the Principal Register (the "Lock-Jaw Trademarks"):

| Trademark | Status | Class | App./Reg. No. | App./Reg. Date |
|---|---|---|---|---|
| LOCK-JAW | Registered | 28 | 4399835 | 9/10/2013 |
| LOCK-JAW PRO | Registered | 28 | 4424556 | 10/29/2013 |
| LOCK-JAW ONE | Registered | 28 | 4399837 | 9/10/2013 |
| LOCK-JAW HEX | Registered | 28 | 5083572 | 11/15/2016 |
| LOCK-JAW BARBELL COLLAR | Registered | 28 | 5077026 | 11/8/2016 |
| LOCK-JAW COLLAR | Registered | 28 | 5077027 | 11/8/2016 |
| LOCK-JAW METAL | Registered | 28 | 5572062 | 9/25/2018 |
| LOCK-JAW FLEX | Pending | 28 | 90325592 | 11/17/2020 |

Attached hereto as Exhibit 2 are true and correct copies of the Certificates of Registration and pending application for the Lock-Jaw Trademarks.

15. The Lock-Jaw Trademarks have been and continue to be used exclusively by Avus.

16. The registrations for the Lock-Jaw Trademarks are valid, subsisting, and in full force and effect.

17. The registrations for the Lock-Jaw Trademarks constitutes prima facie evidence of their validity and of Avus's exclusive right to use the Lock-Jaw Trademarks pursuant to 15 U.S.C. § 1057(b).

## ACTS GIVING RISE TO THIS ACTION

18. Avus originally launched its weight retention collar product in 2006 and has since become the leading weight retention collar seller in the world. Avus sells its product covered by the '856 Patent on various online platforms such as Amazon and its website located at https://lockjawcollar.com as well as in popular brick and mortar stores such as Dicks Sporting Goods.

19. Avus's weight retention collar covered by the '856 Patent (the "Lock-Jaw Product") has achieved widespread popularity causing sales to grow steadily and exponentially, achieving record sales in 2020. Exemplary images of genuine weight retention collars covered by the '856 Patent are shown below:



20. Defendant began selling its product which infringes the '856 Patent online via its Amazon storefront under the name Iron Lab. An exemplary image of Defendant's product infringing the '856 Patent is shown below (the "Accused Product"):



21. On information and belief, Iron Lab manufactures, previously sold, and continues to offer for sale and to sell, in this judicial district the Accused Product depicted above.

22. On information and belief, Iron Lab designed the Accused Product after seeing Avus's Lock-Jaw Product.

23. At least one of Iron Lab's product listings use Lock-Jaw's Trademarks without Avus's permission, such as the one shown below. Iron Lab incorporates this text to intentionally deceive and mislead consumers to appear as though it is an authorized online retailer who offers bona fide Lock-Jaw goods.



5

24. Iron Lab leverages use of the Lock-Jaw Trademarks in order to attract consumers searching for genuine Lock-Jaw products because the use of the Lock-Jaw Trademarks in this manner causes these listings to appear toward the top of search results for searches containing the Lock-Jaw Trademarks. Thus, these tactics contribute to the intentional misdirection of consumers using the internet to find bona fide Lock-Jaw products to instead be directed to counterfeit products on Iron Lab's listings.

25. Defendant is aware of Avus and Avus's rights in the '856 Patent and Lock-Jaw Trademarks at least due to Avus's presence on Amazon, and Avus's website (see, e.g., https://lockjawcollar.com/pages/counterfeit), which identifies its patent rights and displays use of its Lock Jaw Trademarks.

26. Despite notice of infringement, Iron Lab's infringement of the '856 Patent and the Lock-Jaw Trademarks continues.

## **COUNT I FOR INFRINGEMENT OF PATENT NO. 7,513,856**

27. Avus hereby re-alleges and incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1 through 26.

28. On information and belief, Iron Lab has infringed, either literally or under the doctrine of equivalents, by manufacturing, using, offering to sell, and selling infringing products covered by one or more claims of the '856 Patent pursuant to 35 U.S.C. § 271(a).

29. Claim 1 of the '856 Patent recites, generally, a retention collar for securing weight plates to a barbell comprising an outer frame, a plurality of substantially cylindrical pressure pins attached to the outer frame, a pull bar, and a lever, wherein the lever pulls the pull bar, which causes the pressure pins to close the outer frame around the barbell.

30. As shown in Figure 1, and described in the specification, the outer frame (14) of the retention collar (10) forms an interior space for surrounding a barbell to secure weight plates in place. The retention collar includes substantially cylindrical pressure pins (13) attached to the frame, a pull bar (12) attached to one such pressure pin, and a lever (11) attached to the pull bar.



FIG. 1

31. When lever (11) is activated, it pulls the pull bar (12), which causes the pressure pins to close the outer frame (14) around the barbell. Figures 5A, 5B, and 5C, below, illustrate the general principles of operation, and operating states, of the claimed retention collar.



FIG. 5A   FIG. 5B   FIG. 5C

32. Figure 5A depicts the retention collar in the fully open position. Figure 5B depicts the retention collar in an intermediate position when the lever is activated, pulling the pull bar, and the pressure pins closing the outer frame. Figure 5C depicts the retention collar in the closed

position following the activation of the lever. Figure 7 illustrates the claimed retention collar (10), also in the closed position, this time in the presence of a barbell and weights.



33. Several of Avus's Lock-Jaw Products practice the invention as recited in claim 1 of the '856 Patent.



34. On information and belief, Iron Lab has manufactured, used, offered to sell, and continues to sell products containing all of the elements and features as described in paragraphs 29-33 such that Defendant's Accused Product infringes claim 1 of the '856 Patent, either literally

8

or under the doctrine of equivalents. Defendant's Accused Product includes an outer frame, of a retention collar, which forms an interior space for surrounding a barbell to secure weight plates in place. The retention collar includes substantially cylindrical pressure pins attached to a frame, a pull bar attached to one such pressure pin, and a lever that, when pulled, causes the pressure pins to close the outer frame.



35. On information and belief, Iron Lab's acts were intentional, and Iron Lab acted with specific intent in manufacturing, using, offering to sell, and continuing to sell products infringing at least one or more claims of the '856 Patent.

36. On information and belief, Iron Lab knew, should have known, or was willfully blind that its action would induce infringement of at least one or more claims of the '856 Patent by another.

37. Avus has suffered and continues to suffer harm as a result of Iron Lab's direct infringement of the '856 Patent.

38. Avus has no adequate remedy at law for Iron Lab's infringement. As a direct and proximate of Iron Lab's infringement, Avus has suffered and continues to suffer irreparable harm. Unless this Court enjoins Iron Lab's acts, Avus will continue to suffer irreparable harm.

39. Avus is entitled to injunctive relief in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING
## 15 U.S.C. § 1114

40. Avus repeats and incorporates by reference the allegations contained in Paragraphs 1 through 39.

41. Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

42. Iron Lab has sold and/or offered to sell goods using a reproduction, counterfeit, copy, or colorable imitation of one or more of the Lock-Jaw Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods. Such use is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32 of the Lanham Act. Avus has not authorized these activities.

43. Iron Lab's acts of infringement and counterfeiting in violation of Section 32 of the Lanham Act are intentional, malicious, fraudulent, willful, and deliberate.

44. Iron Lab has knowingly and willfully intended to trade on the recognition of, and have willfully intended to harm the reputation of the Lock-Jaw Trademarks.

45. Iron Lab's acts of infringement in violation of Section 32 of the Lanham Act have inflicted and, if not enjoined, will continue to inflict irreparable harm on Avus. Thus, Avus has no adequate remedy at law.

46. Pursuant to 15 U.S.C. § 1117, Avus is entitled to recover damages in an amount to be determined at trial, including Iron Lab's profits, Avus's losses due to Iron Lab's conduct, and costs of the action. Furthermore, the actions of Iron Lab were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Avus to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III
## FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

47. Avus repeats and incorporates by reference the allegations contained in Paragraphs 1 through 44 as if set forth fully herein.

48. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . . or any false designation of origin . . . which is likely to cause confusion or to cause mistake, or to deceive as to affiliation . . . or as to origin, sponsorship, or approval of goods [or] services . . . shall be liable in a civil action."

49. Iron Lab's use of the Lock-Jaw Trademarks in order to promote, market, offer for sale, and sell the counterfeit Lock-Jaw goods has created and is creating a likelihood of confusion, mistake, and deception as to affiliation, connection, or association with Avus or the origin, sponsorship, or approval of Iron Lab's counterfeit Lock-Jaw goods. By using the Lock-Jaw Trademarks on the counterfeit goods, Defendants create a false designation of origin.

50. Iron Lab's actions demonstrate a malicious, intentional, willful, and bad faith intent to trade on Avus's goodwill and to cause confusion, deception, and mistake by offering counterfeit products under the Lock-Jaw Trademark and by intentionally portraying a non-existent affiliation

11

or relationship between Avus and Iron Lab's goods, businesses, and websites, thereby causing significant and irreparable injury to Avus.

51. Defendants have willfully intended to trade on the recognition of, and have willfully intended to harm the reputation of Avus and the Lock-Jaw Trademarks.

52. Iron Lab's aforementioned acts constitute false designation of origin, trademark infringement, and unfair competition in violation of 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

53. Iron Lab's actions have caused and are likely to cause substantial injury to the public and to Avus, its business, goodwill, and reputation.

54. Avus is entitled to injunctive relief, and to recover Defendants' profits associated with the infringement and Avus's costs and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

## PRAYER FOR RELIEF

WHEREFORE, Avus respectfully requests the following relief:

A. Judgment in favor of Avus and against Iron Lab that Iron Lab has infringed at least one or more claims of the '856 Patent;

B. Judgment that infringement of the '856 Patent has been willful;

C. An award of damages adequate to compensate Avus for Iron Lab's infringement of the '856 Patent;

D. An award of damages from issuance of the '856 Patent pursuant to 35 U.S.C. § 154(d);

E. An award of pre and post-judgment interest, and the taxation of all allowable costs against Iron Lab;

  F. An award of all other damages permitted by 35 U.S.C. § 284;

  G. A determination that this is an exceptional case and award Avus its costs, expenses, and reasonable attorney's fees pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117;

  H. That Iron Lab account to Avus for their profits and any damages sustained by Avus arising from their acts of counterfeiting and infringement;

  I. Judgment in favor of Avus enjoining Iron Lab from further acts of infringement, induced infringement, and contributory infringement of the '856 Patent;

  J. Judgment in favor of Avus enjoining Iron Lab from:

   i. using the Lock-Jaw Trademarks or any variant, reproduction, copy, or colorable imitation thereof as a trademark, trade name, corporate identity, or indicia of origin on Defendants' products or in connection with the marketing, advertisement, distribution, sale, or offering for sale of Iron Lab's products, unless such products are genuine products made by Avus or with Avus's authorization;

   ii. engaging in any conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to source, or confusion as to the affiliation, connection, association, origin, sponsorship, or approval of Iron Lab's business, services, website or other activities with Avus or the Lock-Jaw Trademarks;

   iii. passing off or inducing or causing others to pass off any product under one of the Lock-Jaw Trademarks unless such product is a genuine Lock-Jaw product sold under the Lock-Jaw Trademarks with the authorization of Avus;

   iv. selling, disposing, destroying, transferring, or otherwise distributing any counterfeit or infringing products in inventory or otherwise currently possessed or under the control of Iron Lab or Iron Lab's agents, whether to customers or to any third party.

K. That, upon Avus's request, all in privity with Iron Lab and with notice of the injunction, including but not limited to any online marketplace platforms, such as Amazon and vendors of sponsored search terms or online ad-word providers, financial services providers, including but not limited to credit card providers, banks, merchant account providers, third party payment processors, web hosts, and Internet search engines, such as Google, Bing, and Yahoo shall:

  i. cease providing services used by Defendants, currently or in the future, to sell or offer for sale goods under the Lock-Jaw Trademarks and/or which infringe the '856 Patent;

  ii. cease displaying any advertisements in any form, connected or associated with Iron Lab in connection with the sale of counterfeit or infringing goods under the Lock-Jaw Trademarks and/or which infringe the '856 Patent; and

  iii. disable all links to the marketplace accounts associated with Iron Lab offering for sale goods under the Lock-Jaw Trademarks and/or which infringe the '856 Patent from displaying in search results, including from any search index.

L. That Avus be awarded enhanced damages under 15 U.S.C. § 1117;

M. In the alternative, that Avus be awarded statutory damages under 15 U.S.C. § 1117(c)(2).

N. That Defendants disgorge any profits earned by their tortious activities;

O. That Avus be awarded punitive damages;

P. Such other relief as this Court deems just and proper.

Dated: February 7, 2022								Respectfully submitted,

*/s/ Melissa R. Smith*
Benjamin T. Horton
Kelley S. Gordon
M<span style="font-variant:small-caps">arshall</span>, G<span style="font-variant:small-caps">erstein</span> & B<span style="font-variant:small-caps">orun</span> LLP
233 S. Wacker Drive
6300 Willis Tower
Chicago, Illinois 60606
(312) 474-6300
bhorton@marshallip.com
kgordon@marshallip.com

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*

15