IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AVUS HOLDINGS, LLC, and<br>AVUS DESIGN, INC.,<br>    *Plaintiffs*,<br><br>    v.<br><br>Iron Lab,<br>    *Defendant*. | CIVIL NO. 6:22-CV-00134-ADA |

## ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGEMENT

Before the Court is Plaintiffs' Motion for Default Judgment against Iron Lab ("Iron Lab" or "Defendant"). ECF No. 15. (the "Motion"). The Court has reviewed the Motion, the governing law, and the case file. The Court **GRANTS** Plaintiffs' Motion for Default Judgment.

### I. BACKGROUND

This action arises out of alleged patent infringement under title 35 of the United States Code, trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1114, and false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a). ECF No. 1 ¶ 1. Plaintiffs are California companies, while Defendant is an entity based in Ukraine. *Id.* ¶¶ 2–4. Plaintiffs sell a weight retention collar (the "Lock-Jaw Product") covered by U.S. Patent No. 7,513,856 ("the '856 Patent") and registered and pending trademarks ("Lock-Jaw Trademarks"), to which Plaintiffs are the exclusive licensee and owner. *Id.* ¶¶ 10, 14, 19. Plaintiffs sell the genuine Lock-Jaw Product on various online platforms, including Amazon and their company website, and brick-and-mortar stores such as Dicks Sporting Goods. *Id.* ¶ 18. Defendant began selling a product which allegedly infringes the '856 Patent (the "Accused Product") on Amazon under the name Iron Lab. *Id.* ¶ 20. In addition, at least one of Defendant's product listings use the Lock-Jaw Product's federally registered trademarks without Plaintiffs' permission to intentionally misdirect

1

customers, seeking to buy the genuine Lock-Jaw Product, to Iron Lab's counterfeit products. *Id.* ¶¶ 23–24.

On March 30, 2022, Plaintiffs filed a Motion for Service by Alternative Means pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure ("Motion for Service by Alternative Means") as Defendant is located in Ukraine, which is subject to an ongoing invasion by Russia. ECF No. 10. Further, Defendant did not have a clear authorized representative in the United States to accept service of process. *Id.* at 2–3.  On April 25, 2022, this Court granted Plaintiffs' Motion for Service by Alternative Means and ordered Plaintiffs to serve Defendant by its known email address, its counsel which reached out to Plaintiffs regarding this lawsuit, and its last known counsel used for a USPTO proceeding. ECF No. 11 at 4. Plaintiffs effected alternative service on Defendant. ECF No. 12-1. The Defendant has neither answered, appeared, nor otherwise defended itself in this action.

On June 14, 2022, Plaintiffs filed a Motion for Clerk's Entry of Default against Iron Lab. ECF No. 17. On June 15, 2022, the Clerk of Court entered the default of the Defendant. ECF No. 18.

On August 5, 2022, Plaintiffs filed its motion for default judgment. Plaintiffs request (1) statutory damages in the amount of $2,000,0000 [sic] against Iron Lab for trademark infringement, (2) lost profits under 35 U.S.C. § 284, (3) a permanent injunction prohibiting Iron Lab from engaging in the conduct described in the Complaint, and (4) an order transferring all assets in Iron Lab's Amazon merchant account in partial satisfaction of the default judgment. ECF No. 19 at 14.

To date, Iron Lab has not responded.

## II. LEGAL STANDARD

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.,* 555 F.3d 422, 424 (5th Cir. 2009).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a defendant has defaulted, the Court may enter a default judgment upon motion. Fed. R. Civ. P. 55(b). Additionally, the plaintiff must file an affidavit stating whether the defendant is in military service before the Court can issue a default judgement. 50 U.S.C § 3931.

"In determining whether to enter a default judgment against a defendant, Courts in the Fifth Circuit use a three-part analysis: (1) whether default judgment is procedurally warranted; (2) whether the [] Complaint sufficiently sets forth facts establishing that [plaintiff] is entitled to relief; and (3) what form of relief, if any, the [plaintiff] should receive." *United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008).

The Fifth Circuit uses six factors to determine whether a default judgment is procedurally warranted. *Alvarado Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 752 (N.D. Tex. 2020) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The factors are: "(1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith

3

mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." *Id*.

In considering whether the Complaint sets forth facts establishing that plaintiff is entitled to relief, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may be granted. *United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, for a plaintiff to obtain a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.

### III. DISCUSSION

**A.      Default judgment against Defendant is procedurally warranted.**

Default Judgment against Defendants is procedurally warranted. Defendant received proper service but failed to answer or otherwise respond to the Complaint as required by Federal Rule of Civil Procedure 12. ECF No. 10; ECF No. 11; ECF No. 12-1. Additionally, the requirements of 50 U.S.C. § 3931 are not applicable in this case as Defendant is a foreign entity and would therefore be ineligible to serve in the United States military. ECF No. 19-1; *see* 50 U.S.C. § 3902 (defining scope of "servicemember" to only include "servicemembers of the United States"). Finally, the "procedurally warranted" factors weigh in favor of granting default judgment.

Courts use six factors to determine whether a default judgment is procedurally warranted. *Alvarado*, 444 F. Supp. 3d at 752, and, in this case, all six factors weigh in favor of granting default judgment. First, Defendant has not answered or otherwise appeared before the Court; accordingly, all Plaintiffs' well-plead allegations, except those related to damages, are accepted as true and no material issues of fact exist. *Id.*; *Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default,

admits the plaintiff's well pleaded allegations of fact"). Further, nothing in the record indicates that default resulted from a "good faith mistake or excusable neglect" and the Court finds no substantial prejudice against Defendant—Iron Lab received proper notice and had ample time to appear before the Court. Defendant's failure to appear is grounds for default. Fed. R. Civ. P. 55. Additionally, default would not be a harsh result in this situation because judgment would be the equivalent to what Plaintiffs are entitled to receive by law. Finally, based on the facts known to the Court, the Court will have no reason for which it would be obligated to set aside the default.

**B.     Plaintiffs' claims have merit.**

Default on its own does not warrant entry of default judgment. *Aire Serv LLC v. Haywood*, No. 6:18-CV-00023-ADA, 2019 WL 10349402, at *2 (W.D. Tex. May 10, 2019). Rather, there must be a sufficient basis in the pleadings, i.e., a plaintiff's claim must have merit. *See id.* Plaintiffs allege that Defendant infringed their patents and trademarks pertaining to the Lock-Jaw Product. Plaintiffs also allege Defendants engaged in counterfeiting, false designation of origin, and unfair competition. Under federal law, these claims have merit.

*Patent Infringement.* An alleged defendant becomes liable for direct infringement under 35 U.S.C. § 271(a) when a party, without authorization, "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." *LBT IP II, LLC v. Uber Technologies, Inc.*, No. 6:21-CV-012110-ADA, 2022 WL 2329321, at *2 (W.D. Tex. June 28, 2022) (quoting 35 U.S.C. § 271(a)). Thus, to sufficiently state a claim of direct infringement, "a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim(s)." *Id.* Here, Plaintiffs state that they are the assignee, owner, and exclusive licensee of the '856 Patent. ECF No. 1 ¶¶ 9–10. Further, Plaintiffs assert that Defendant is manufacturing, selling, and offering for sale in the

U.S. products that infringe the '856 Patent. *Id.* ¶¶ 20–21. Importantly, Plaintiffs identify that each and every element of at least one claim of the '856 Patent is met by the Accused Product. *Id.* ¶¶ 29–34. Assuming the alleged facts are true, Plaintiffs have sufficiently established that Defendant's product directly infringes the '856 Patent.

***Trademark Infringement and Counterfeiting.*** Where trademark ownership is established, the Lanham Act provides a cause of action for infringement where (1) one uses any reproduction, counterfeit, copy, or colorable imitation of a mark, (2) without the registrant's consent, (3) in commerce, (4) in connection with the sale, offering for sale, distribution, or advertising of any goods, (5) where such use is likely to cause confusion, or to cause mistake or to deceive. *Petro Franchise Sys., LLC v. All. Am. Props., Inc.*, 607 F. Supp. 2d 781, 788 (W.D. Tex. 2009) (citing *Am Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008)) (internal quotations omitted).

Primarily, Plaintiffs establish that they are the owners of the Lock-Jaw Trademarks. ECF No. 1-2; ECF No. 1 ¶ 14. Plaintiffs state that at least of one Defendant's product listings on Amazon uses the Lock-Jaw Trademarks without Plaintiffs' permission. ECF No. 1 ¶ 23. Further, Plaintiffs provided a screenshot of Defendant's product description as it appears on Amazon, which states, in relevant part, "Click <<Add to Cart>> and get your Lock-Jaw Barbell Collars right now!" *Id.* This use of the Lock-Jaw Trademarks coupled with the fact that Plaintiffs also sell genuine Lock-Jaw Products on Amazon, causes confusion and deceives potential consumers as to which is the genuine Lock-Jaw Product. *Id.* ¶ 49. Assuming the alleged facts are true, Plaintiffs have sufficiently established that Defendant has infringed the Lock-Jaw Trademarks and created a counterfeit product which is likely to deceive or cause confusion to consumers. Thus, the Court finds that Defendant has infringed U.S. Trademark Reg. No. 5,077,026 "Lock-Jaw Barbell Collar."

ECF No. 1-2 at 10; ECF No. 1 ¶ 23. In the absence of screenshots showing infringement of the remaining trademarks, all other findings of trademark infringement are **DENIED**.

***False Designation of Origin and Unfair Competition.*** "[E]lements of trademark infringement and false designation of origin are essentially the same," and that the "test for false designation of origin is essentially the same but is broader in scope." *Babbala LLC v. Shenzhen Jia Yu Tong Tech. Co. Ltd.*, No. 6:20-CV-01032-ADA-JCM, 2022 WL 2762715, at *2 (W.D. Tex. Mar. 8, 2022) (citing *Sun-Fun Prod., Inc. v. Suntan Rsch. & Dev. Inc.*, 656 F.2d 186, 192 (5th Cir. 1981) (stating that the touchstone under false designation of origin claims is not similarity of the registered mark but similarity in the overall trade dress of the products)). Here, Plaintiffs proffered images of both its own Lock-Jaw Product and the Accused Product in connection with one of the Defendant's product descriptions on Amazon. ECF No. 1 ¶¶ 19–20, 23. Assuming the alleged facts are true, Plaintiffs false designation and unfair competition claim is sufficient to render default judgment in their favor.

***Plaintiffs fail to establish willfulness.*** Only Plaintiffs' well-pleaded factual allegations will be taken as true. "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu*, 515 F.2d at 1206). Consequently, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* In their Complaint, Plaintiffs argue that Defendant's actions were willful or intentional with respect to their asserted claims. ECF No. 1 ¶¶ 35, 43, 44, 50, 51. However, Plaintiffs failed to specifically allege that Defendant's had actual knowledge of either the '856 Patent or the Lock-Jaw Trademarks. *See generally* ECF No. 1. At best, Plaintiffs alleged Defendant has knowledge of Avus's general presence on Amazon and of Avus's website, but neither Avus's general presence

on Amazon nor Avus's general website provides Defendant with knowledge of infringement. *Id.* ¶ 6. Further, Plaintiffs allege that their patents and trademarks are on the website www.lockjawcollar.com/pages/counterfeit. *Id.* There is no specific fact in the complaint or evidence attached to Plaintiffs' motion showing when Iron Lab visited that particular web page listing the patents and trademark. Without visiting that website, Iron Lab would lack the prerequisite knowledge needed to form an intent to infringe. Therefore, Plaintiffs have failed to establish that Defendant was willful or intentional with respect to the asserted claims.

**C.     Damages.**

Although a defendant's default concedes the truth of the allegations asserted by the plaintiff relating to liability, that same principle does not extend to damages and other forms of relief. Under Rule 54, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In the Motion, Plaintiffs request permanent injunctive relief, recovery of Defendant's profits, and any additional relief that the Court deems just and proper. ECF No. 19 at 6.

***Injunctive Relief.*** A party seeking permanent injunction must establish (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the permanent injunction will not disserve the public interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiffs requests a permanent injunction against Defendant for any "further acts of infringement, induced infringement, and contributory infringement of the '856 Patent." ECF No. 1 at 13. Primarily, Plaintiffs assert that Defendant's continued infringement of the '856 Patent causes irreparable harm by using the Accused Product in direct competition with Plaintiffs. ECF

No. 19 at 8. Furthermore, Plaintiffs argue that Defendant's "refusal to engage in this litigation" weakens Plaintiffs ability to enforce its intellectual property rights. *Id.* Plaintiffs cite to the Federal Circuit to support their argument that money damages may be inadequate when reputational harm occurs due to confusion between the patentee's product and the accused product. *Id.*; *Reebok Int'l Ltd. V. J. Baker, Inc.*, 32 F.3d 1552, 1558 (Fed. Cir. 1994). Additionally, Plaintiffs assert that the balance of hardships favors entry for a permanent injunction because Plaintiffs "should not be punished" for Defendant's failure to participate in this litigation. ECF No. 19 at 9. Finally, because public policy favors protection of intellectual property rights, Plaintiffs argue that a permanent injunction, in this case, will serve public interests. *Id.* This Court agrees with Plaintiffs and grants Plaintiffs' requested relief to permanently enjoin the Defendant from any further acts of infringement, induced infringement, and contributory infringement of the '856 Patent.

Plaintiffs also request a permanent injunction against Defendant regarding usage of their Lock-Jaw Trademarks, specifically:

i. using the Lock-Jaw Trademarks or any variant, reproduction, copy, or colorable imitation thereof as a trademark, trade name, corporate identity, or indicia of origin on Defendants' products or in connection with the marketing, advertisement, distribution, sale, or offering for sale of Defendant's products, unless such products are genuine products made by Plaintiffs or with Plaintiffs' authorization;

ii. engaging in any conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to source, or confusion as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's business, services, website or other activities with Plaintiffs or the Lock-Jaw Trademarks;

iii. passing off or inducing or causing others to pass off any product under one of the Lock-Jaw Trademarks unless such product is a genuine Lock-Jaw product sold under the Lock-Jaw Trademarks with the authorization of Plaintiffs;

iv. selling, disposing, destroying, transferring, or otherwise distributing any counterfeit or infringing products in inventory or otherwise currently possessed or under the control of Defendant or Defendant's agents, whether to customers or to any third party.

ECF No. 1 at 13.

The Fifth Circuit has applied the *eBay v. MercExchange* test for permanent injunctions in the context of trademarks, and this Court will do the same. *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 626–27 (5th Cir. 2013) (citing *eBay Inc.*, 547 U.S. at 391). Under 15 U.S.C. § 1116(a) this Court is vested with the jurisdiction to grant injunctions "as the [C]ourt may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a). Further, "[a] plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction." *Id.*

Due to this Court's finding that a violation of a trademark right occurred, Plaintiffs are entitled to a presumption of irreparable harm. *Id.*; *see supra* Section II.B. This is further supported by Fifth Circuit law regarding trademarks. *Abraham*, 708 F.3d at 627. Additionally, the Fifth Circuit has determined that in the trademark context, money damages are inadequate to compensate for continuing acts of infringement. *Id.* Plaintiffs combined their trademark and patent infringement arguments for permanent injunctive relief, so Plaintiffs make the same arguments as stated above for the final two factors. ECF No. 19 at 9.

This Court agrees with Plaintiffs that Plaintiffs would be entitled to some form of an injunction. However, the Court **DENIES** this relief because Plaintiffs' motion fails to clearly define the scope of injunction that Plaintiffs seek. The motion itself does not propose any scope of injunction. *Id.* at 6–9 (arguing why Plaintiffs are entitled to an injunction, without setting forth a scope of injunction). Plaintiff's motion concludes by praying for a permanent injunction "prohibiting Iron Lab from engaging in the conduct described in the Complaint," but reference to a lengthy Complaint is too vague and fails to put Defendant on notice of the specifically prohibited

activity. *Id.* at 14. In particular, the Complaint seeks to prohibit activity defined by conclusory legal standards such as "any conduct which will cause, or is likely to cause, confusion." ECF No. 1 at 13. The Proposed Order likewise fails to make clear what scope of injunction is being granted. ECF No. 19-7. The Court cannot determine the scope of injunction being sought by Plaintiffs.

**Statutory Damages.** Under 15 U.S.C. § 1117(c)(1), upon a finding of trademark infringement and counterfeiting, this Court has discretion to award "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed as the [C]ourt considers just…" 15 U.S.C. § 1117(c)(1). However, a Court may award up to $2,000,000 per counterfeit mark upon a finding of willfulness. *Id.* § 1117(c)(2). Plaintiffs request $2,000,000 in statutory damages because they assert that Defendant was willful. ECF No. 19 at 11. However, because this Court found that Plaintiffs failed to establish that Defendant was willful or intentional with regard to the asserted claims, the Court denies Plaintiffs requested $2,000,000 statutory award and instead grants a statutory award of $200,000.

**Lost Profits.** A successful plaintiff is entitled to an award of monetary damages "adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs fixed by the [C]ourt." 35 U.S.C. § 284.

Plaintiffs argue that because Defendant used the Lock-Jaw Trademarks, it is reasonable to find that Plaintiffs would have made the infringing sales but-for the Defendant's presence in the marketplace. ECF No. 19 at 13. Plaintiffs cite Defendant's Amazon merchant listing for the Accused Product which depicts approximately 11,500 global ratings since 2016, representing feedback from roughly 3% of purchasers. ECF Nos. 19-2, 19-3. Using 11,500 as representing 3% of total sales, Plaintiffs approximate Defendant's total sales at 383,000 infringing units. ECF No.

11

19 at 13. Plaintiffs estimate that only about one-third of those sales took place in the United States. *Id.* Plaintiffs provide an accounting of the profit per unit sold and a declaration from Dylan Jones, the founder of Avus Design, Inc. and Avus Holdings, LLC, who attests that the accounting is true and correct. ECF Nos. 19-4, 19-6.

Based on the information provided by Plaintiffs, the Court calculates that the approximate total number of infringing unit sales that took place in the United States is 127,667 (approximately one-third of 383,000). Using the approximated infringing unit figure, the Court multiplies this figure with Plaintiffs' profits per unit, $12.58, which results in an overall lost profits figure of $1,606,050.86. For that reason, the Court grants Plaintiffs an award of $1,606,050.86 for lost profits resulting from the infringement of the '856 Patent. Because the Court determines that Plaintiffs failed to establish willfulness for any of its asserted claims, the Court will not treble the damages.

***Other Requested Relief.*** Though Plaintiffs did not brief the issue in the argument section of the Motion, in their conclusion, Plaintiffs request that the Court order a transfer of all assets in Defendant's Amazon merchant account in partial satisfaction of the default judgment. *See* ECF No. 19. This request is **GRANTED**.

## IV. CONCLUSION

Based on the foregoing analysis of the facts and legal principles, Plaintiffs Motion for Entry of Default Judgment (ECF No. 19) is **GRANTED-IN-PART**.

It is hereby **ORDERED, ADJUDGED AND DECREED** that:

- Defendant Iron Lab infringed U.S. Patent No. 7,513,856 and is liable for lost profits in the amount of $1,606,050.86 to Plaintiffs;

- Defendant Iron Lab infringed the "Lock-Jaw Barbell Collar" Trademark No. 5,077,026 by using "Lock-Jaw Barbell Collar" and is liable for the statutory award of $200,000 to Plaintiffs;

- Plaintiffs are allowed such writs and processes necessary to enforce and collect this judgment, including the transfer of assets from Iron Lab's Amazon merchant account in partial satisfaction of the aforementioned liabilities; and

- Plaintiff's motion for an injunction is **DENIED** without prejudice.

All relief not expressly granted herein is denied.

**SIGNED** this 7th day of September, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE